UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| HEATHER OZEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:08cv-5 M |
| | ) |
| HENDERSON COUNTY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1.  This is an action brought by Plaintiff, Heather Ozee (hereinafter "Ozee"), by counsel, against Defendant, Henderson County (hereinafter "Defendant"), pursuant to the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq.

**II. PARTIES**

2.  Ozee, at all times relevant to this litigation, resided in Henderson County, Kentucky, which is within the geographical boundaries of the Western District of Kentucky.

3.  Defendant is a governmental entity, which maintained offices and conducted operations in Henderson County within the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4.  Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367 and 42 U.S.C. § 12117.

5.  Ozee's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III

of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. At all times relevant to this action, Ozee was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8. Ozee has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9. Ozee is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

10. Ozee exhausted her administrative remedies by timely filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, and filing this complaint within ninety days of receipt of her Notice of Right to Sue.

11. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Ozee applied for a Deputy Jailer position with the Henderson County Detention Center in or about April 2007.

13. Ozee interviewed for the position on or about April 27, 2007 with Major Dunlap.

14. On or about May 2, 2007, Defendant hired Ozee for the position of Deputy Jailer. Ozee received her uniform and was sworn in. Defendant told Ozee that her first day of service

would be May 10, 2007.

15. Ozee suffers from Sleep Epilepsy, which is a physical or mental impairment that substantially limits, *inter alia*, her ability to sleep.

16. Ozee could perform the essential functions of the Deputy Jailer position with or without an accommodation.

17. After Ozee was sworn in, Defendant required her to submit to a drug test. Prior to her test, Ozee disclosed to the nurse that she had been prescribed Lamictal and Claritan. The nurse inquired as to why Ozee took Lamictal. Ozee told the nurse that she took Lamictal because she suffered from Sleep Epilepsy.

18. On May 3, 2007, Major Dunlap informed Ozee that she had failed the drug screen. Shocked, Ozee asked Dunlap what she tested positive for, but Major Dunlap replied that she did not know. Ozee explained to Dunlap that she had not taken any drugs, suggested that her prescription medication related to her disability may have caused a false positive, and offered to take a second test. Major Dunlap indicated that the Detention Center does not provide for a second test.

19. Ozee offered to have a second, more reliable, test be completed at the hospital. Major Dunlap indicated to Ozee that she would have to pay for such a test on her own.

20. On May 4, 2007, Ozee took a more complete test administered by Method Hospital. Her test results came back negative.

21. Ozee then went about informing the Detention Center of her negative test result. However, Defendant refused to accept the second results and refused to employ Ozee.

22. Ozee asked the Nurse at the Detention Center to explain what she had tested positive for, but the Nurse refused. Ozee asked Major Dunlap to disclose that she tested positive for, but she refused as well. Ozee treating physician for her disability contacted the Detention Center to assist in identifying the defect in the Detention Center's test and why there may be a false positive. However, the Defendant refused to engage in the interactive process to accommodate Ozee

23. On May 11, 2007, Ozee met with the Jailer, Ron Herrington, regarding the termination of her employment. Ozee provided her negative test results from an independent laboratory as well as a letter from the physician who treats her disability. Nonetheless, the Jailer refused to employ Ozee. When Ozee asked for a copy of her original test results, the Jailer commented that he had destroyed them for "liability and lawsuit reasons."

24. Had Defendant engaged in the interactive process or provided Ozee with a reasonable accommodation, such as allowing her test results to be reviewed by her physician, providing her with a second more reliable and complete drug test or accepting the independent test results provided by Method Hospital, Ozee could have continued working.

## V. Legal Allegations

### Count I: Disability Discrimination - Failure to Accommodate

25. Paragraphs one (1) through twenty-four (24) of Ozee's Complaint are hereby incorporated.

26. Defendant failed to provide a reasonable accommodation for Ozee's known disability.

27. Defendant's actions were intentional, willful and in reckless disregard of Ozee's rights as protected by the ADA and KRS 344.030 *et.seq*.

28. Ozee has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: DISABILITY DISCRIMINATION

29. Paragraphs one (1) through twenty-eight (28) of Ozee's Complaint are hereby incorporated.

30. Defendant's violated Ozee's rights by terminating her employment because of her disability.

31. Defendant's actions were intentional, willful and in reckless disregard of Ozee's rights as protected by the ADA and KRS 344.040..

32. Ozee has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Heather Ozee, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff compensatory damages;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

  /s/Andrew Dutkanych III
Andrew Dutkanych III (KY Bar No. 91190)

BIESECKER & DUTKANYCH, LLC
317 SE Third Street
Evansville, IN 47713
Telephone:  (812) 424-1002
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Heather Ozee*

## DEMAND FOR JURY TRIAL

Plaintiff, Heather Ozee, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

 /s/ Andrew Dutkanych III
Andrew Dutkanych III (KY Bar No. 91190)

BIESECKER & DUTKANYCH, LLC
317 SE Third Street
Evansville, IN 47713
Telephone:  (812) 424-1002
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Heather Ozee*